## F. B. POTTS *v.* J. W. HINES.

1. CIRCUIT COURT. *Jurisdiction. Amount in controversy.*
   In the absence of an attempt to evade the constitutional limitations, a suit in the Circuit Court for five hundred dollars should not be dismissed because the plaintiff testifies that an account for a sum under the jurisdictional limit is correct. *Fenn* v. *Harrington,* 54 Miss. 733.

2. LIMITATION OF ACTIONS. *Suit to stop statute. New party. Amendment.*
   A suit against the guardian of a lunatic will not stop the running of the Statute of Limitations in favor of the latter, against whom no recovery can be had, if the account is barred pending the suit, although he is subsequently made a party by amendment.

3. SAME. *Account stated. New promise.*
   A verbal acknowledgment of the correctness of an account, making it an account stated, will not avoid the Statute of Limitations of three years applicable to open accounts. *Floyd* v. *Pearce, ante,* 140, cited.

ERROR to the Circuit Court of Marshall County.

Hon. J. W. C. WATSON, Judge.

This action brought March 1, 1876, against J. R. McCall, guardian of F. B. Potts a lunatic, for five hundred dollars, alleged to have been paid Jan. 1, 1874, in satisfaction of a note for that amount, was amended April 23, 1877, by filing against " F. B. Potts, a lunatic, whose guardian is J. R. McCall," a declaration containing six counts, each for five hundred dollars, and the last for merchandise sold Potts while sane. Process was then, for the first time, served on the lunatic. A demurrer to the first five counts was sustained, and another count was then filed alleging an account stated for the same sum. The defendant pleaded *non assumpsit* and the Statute of Limitations of three years, to the latter of which, so far as applicable to the seventh count, a demurrer was sustained. The verdict was for one hundred and forty-six dollars and seventy-nine cents, with interest, and the circuit judge, certifying that the plaintiff had reasonable ground to expect to recover more than one hundred and fifty dollars, gave judgment for the debt and costs.

On the trial, the plaintiff, having testified that a bill of particulars, for one hundred and forty-six dollars and seventy-nine cents, filed with the seventh count, was correct, the defendant

moved to dismiss the case, but his motion was overruled. The plaintiff then mentioned two additional items, which by leave of court were added, increasing the bill of particulars to one hundred and fifty-five dollars. He also testified that, to take up his aforesaid note payable to the " guardian of F. B. Potts," he had receipted the account filed as a bill of particulars, and paid the remainder of the five hundred dollars in cash, but that the note turned out to be without consideration. He testified further that, in December, 1873, Potts while sane bought from him some corn, which was added to the amount then due, that they agreed upon one hundred and fifty-five dollars, and Potts then promised to pay that specific sum.

*Watson & Smith*, for the plaintiff in error.

1. When the first five counts for money paid by the plaintiff to the lunatic's guardian, and by him used for the lunatic, were under the former opinion (*Hines* v. *Potts*, 56 Miss. 346) demurred to and the demurrer sustained, the only remaining counts were the sixth and seventh, which, although they each claimed five hundred dollars, were really both for the one hundred and forty-six dollars and seventy-nine cents' worth of merchandise bought by the defendant prior to his lunacy. When this fact was developed by the testimony, the motion to dismiss for want of jurisdiction should have been sustained. Although the court has jurisdiction at the beginning of a suit, it may be lost at some subsequent stage. *Wolley* v. *Bowie*, 41 Miss. 553. The allowance of the amendment so as to increase the sum demanded to one hundred and fifty-five dollars could not give jurisdiction.

2. The Statute of Limitations of three years applied to this claim, for the parol acknowledgment making it an account stated did not avoid the bar. *Floyd* v. *Pearce, ante,* 140. By the amendment, the suit was for a different cause of action and against a new party. *McCall* v. *Nave,* 52 Miss. 494. The statute continued to run in the lunatic's favor against the new matter, until the amendment. *Anderson* v. *Robertson,* 32 Miss. 241 ; *Brown* v. *Goolsby,* 34 Miss. 437 ; *Dinkins* v. *Bowers,* 49 Miss. 219 ; *King* v. *Avery,* 37 Ala. 169 ; *Miller* v. *M'-Intyre,* 6 Peters, 61 ; *Dudley* v. *Price,* 10 B. Mon. 84 ; *Crofford* v. *Cothran,* 2 Sneed, 492.

*E. M. Watson*, for the defendant in error.

1. As the court had jurisdiction at the inception of the case, it could not be lost by the amendment. *Bank of Vicksburgh* v. *Jennings*, 5 How. 425; *Read* v. *Renaud*, 6 S. & M. 79. The new items were proved and the jurisdiction established. If the testimony could oust the court of jurisdiction, it could be re-established by the same means. The only criterion of jurisdiction, however, is the amount claimed in the declaration. *Fenn* v. *Harrington*, 54 Miss. 733.

2. This case does not fall within the rule of *Floyd* v. *Pearce*, *ante*, 140. In this there was a new consideration. The corn passing at the time, a new contract was made, and the old indebtedness was extinguished. The amendments of the declaration and bill of particulars were merely formal. The same subject-matter is embraced from the first. The declaration was originally for the consideration of the five hundred dollar note, next for the money paid and an itemized account receipted to take up that note, the last bill of particulars is the account without the money, and the items added on the trial were those inadvertently omitted from the account. From the beginning, the suit was based on the same transaction, and was for the same cause of action. The lunatic was a real party from the inception, although the process was first served on his guardian under the statute.

*Manning & Watson*, on the same side.

CAMPBELL J. delivered the opinion of the court.

The motion to dismiss the case for want of jurisdiction was properly refused. *Fenn* v. *Harrington*, 54 Miss. 733. The action was not commenced as to Potts until he was made a party by amendment. Until then, he was a stranger to the action, and would not have been affected by a judgment in it. In suits against lunatics, both the lunatic and his guardian must be served with process. Code 1871, § 705. Before he was made a defendant, the account was barred by the Statute of Limitations of three years, which upon the facts disclosed in evidence applied to it. *Floyd* v. *Pearce*, *ante*, 140. The verdict should have been for the defendant below.

*Reversed and remanded.*