MARY J. FOSTER *v.* GULF COAST CANNING CO. ET AL.

LIMITATIONS. *Suit to cancel clouds.* *Code* 1880, §§ 2568, 2693.

> Although the defendant's title was acquired through a sale under decree in partition proceedings, a suit to cancel it as a cloud, filed by one who was not a party thereto, is not governed by § 2693, code 1880, limiting to two years suits to recover property sold under decree in chancery, nor by § 2568 as to the conclusiveness between the parties of decrees in partition suits. The ten-year, statute applies to suits to cancel clouds.

FROM the chancery court of Harrison county.

HON. W. T. HOUSTON, Chancellor.

Mary J. Foster, the appellant, exhibited this bill against the Gulf Coast Canning Company and others, alleging that she is the real owner of an interest in the lands in controversy; that the defendants also assert a claim thereto, which is a cloud on her title, and which she prays to have canceled. The bill sets out with great particularity complainant's title, as well as that asserted by the defendants, but, in view of the opinion, which passes upon a single question, it is only necessary to state that the title of the defendants was derived through a sale under a decree of the chancery court in a suit to sell the lands for partition of the proceeds. The complainant, however, was not a party to the partition suit.

The defendants demurred to the bill, assigning, among other grounds, that the suit was barred under § 2568 and also under § 2693, code 1880. The first-mentioned section, in the chapter on partition, is as follows:

" § 2568. The final decree of the chancery court in such case shall ascertain and settle the rights of the parties, and shall constitute an instrument of evidence in all questions as to the title of the lands which may be the subject of such decree, in all courts, and shall be conclusive as to the rights of all parties to such suit, subject to the provisions of this

act, and subject to appeals and bills of review, as in other suits in the chancery court." The other section, in the chapter on limitation of actions, is as follows:

"§ 2693. No action shall be brought to recover any property hereafter sold by order of a chancery court, where the sale is in good faith, and the purchase-money paid, unless brought within two years after possession taken by the purchaser under such sale of such property."

The demurrer was sustained, and the bill dismissed, and from this decree complainant appeals.

*Fred Clark* and *E. E. Baldwin*, for appellant.

This is in no sense a bill of review. Appellant was not a party to the partition suit. She was a non-resident, and it is not even shown that she knew of the pendency of such a suit. 2 Daniel on Chancery Pleading, § 1627.

The complainant asserted title adversely to the parties to the partition record, and is now seeking to have her title finally established and adjudicated. She does not set up any error in the partition proceedings, and does not claim relief from the final decree in that case on account of any newly discovered evidence, but, as a stranger to that proceeding, she now exhibits an original bill to establish her rights.

Section 2693, code 1880, does not apply. It merely makes the title acquired in partition proceedings good as against the parties to the suit. Besides, that section applies solely to partition suits. *Martin* v. *Gilleylen*, 70 Miss., 324.

*Nugent & McWillie*, for appellees.

If, in *Martin* v. *Gilleylen*, 70 Miss., 324, this court intended to say that § 2693, code 1880, has no application whatever to titles derived under sales in partition proceedings, appellees' contention is without merit. If, however, the statement of the law was intended to be limited to the case before it, and was, therefore, restricted to proceedings by bills of review to vacate and set aside former proceedings, the question is

still open, and we insist that complainants are barred, under said statute, of their right to bring this suit.    Said section is embodied in an act in relation to the limitation of actions, and is broad enough to cover all sales made under a decree in chancery, where the sale is in good faith and the purchase-money paid.

WOODS, J., delivered the opinion of the court.

The demurrer is founded upon a total misconception of the character of complainant's bill.    It is not a bill of review in any sense.    It is an original bill for cancellation of certain deeds clouding complainant's title to an undivided interest in the lands named.    While it is true that, many years ago, there was a decree of the chancery court partitioning these lands, on the case then made, still, it is obvious that complainant was then a non-resident infant of tender years, and was not a party to that proceeding.    Her interests were wholly unaffected by that decree.    Neither the statute of limitations of two years, contained in § 2693, code 1880, nor § 2568, establishing the effect of a final decree in partition proceedings, has any application in the case presented by the present bill of complaint.    Far within the ten years' limitation, complainant has begun her action to clear her title and assert her rights, and the respondents must make answer.

It may be proper to remark that the important question involved in the case at bar has been adjudicated in the case of the *Fallback Planting & Mercantile Co.* v. *Odille Muson et al.,* decided March, 1893, by this court.

*Decree reversed, demurrer overruled and cause remanded, with leave to defendants to answer in thirty days after mandate filed in court below.*