### MOORE ET AL. *v.* LUKE.

#### [70 South. 84.]

'QUIETING TITLE. *Bill of complaint. Sufficiency.*

> Where in a bill of complaint to quiet title complainant deraigned '
> title from the government through' a chain of title to them-
> selves and charged that defendant claimed title through a
> former suit for partition and sale which they claim was fraudu-
> lent and not by the then owners or their legal representatives,
> and that the sale thereunder conveyed no title, and that com-
> plainants were not parties to that suit, such a bill was not a
> bill of review, but states a good cause of action and a demurrer
> thereto should have been overruled.

APPEAL from the chancery court of Kemper county. HON. J. F. McCOOL, Chancellor.

Suit by Elizabeth Moore and others against J. M. Luke. From an order sustaining a demurrer to the bill of complaint, plaintiffs appeal.

The facts are fully stated in the opinion of the court.

*Huddleston & Austin,* for appellants.

STEVENS, J., delivered the opinion of the court.

Appellants as complainants in the court below exhibit their bill of complaint against appellee seeking confirmation of their title to forty acres of land in Kemper county, and asking that the claim of the defendant be canceled as a cloud on their title. A demurrer was interposed to the bill and sustained by the chancellor, and from this decree appellants appeal. While the bill in some respects is subject to criticism, we think it sufficiently states a case. Appellants deraigned title from the United States government to Willard C. Mills; from Willard C. Mills to William Reid, Sr.; from William Reid, and his wife, Mary Reid, to Elizabeth Reid and Emma Reid, two of the complainants; by deed from Elizabeth and Emma Reid conveying an undivided one-half interest to J. F. N. Huddleston and H. L. Austin, the other complainants. The bill further alleges that complainants are not fully informed as to the nature of the claim of the defendant, but upon information charge that he claims title to the lands in question through a commissioner's deed executed in pursuance to a decree rendered in an *ex parte* proceeding filed by E. E. Reid, claiming to be the widow of one Willie Reid, deceased, and by M. E. and E. J. Reid, minors suing by their alleged next friend, E. E. Reid. It is averred in the bill that E. E. Reid was not the mother of any of the complainants, that she had no interest in the land, and that neither M. E. nor E. J. Reid had any right, title, or interest therein, and that the partition suit referred

to was filed without the knowledge or consent of either Elizabeth or Emma Reid, and, if anything, was a fraud upon their rights. The bill in short avers that the proceedings to partite or sell the lands in question, and through which defendant claims, was a proceeding by parties other than the complainants, and conveyed no title whatever. The demurrer submits that the bill is a "fishing" bill and indefinite in its averments; that it is without equity; and that the complainants are barred by the statute of limitations. We do not construe the bill as a bill of review, and do not understand appellants to concede that they were in any wise parties to the former suit. The case is very similar to that of *Foster* v. *Canning Co.*, 71 Miss. 624, 15 So. 931.

The decree of the court below is therefore reversed, the demurrer overruled, and appellee granted thirty days after receipt of mandate by the clerk of the court below in which to answer.

*Reversed and remanded.*