O’NIELL, C. J.
 

 On the 25th of August, 1921, George W. White, while working as' a brakeman for the defendant railway company, suffered an injury to his head, which incapacitated him for a month. He returned to work then and continued in the employment of the railway company, without any apparent ailment, until the 21st of September, 1929, when he was stricken with an epileptic fit, and a scientific examination revealed that the epilepsy was caused by the injury which had occurred on the 25th of August, 1921. White sued for compensation under the Employers’ Liability Act. The railway company pleaded that the action was barred by the prescription of one year, under the provisions of section 31 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, p. 124. The plea of prescription was overruled, and, the case being heard on its merits, judgment was rendered in favor of the plaintiff for compensation at the rate of $18 per week for 400 weeks. The railway company appealed, and the court of appeal affirmed the judgment. 135 So. 255. The case is before us on a writ of review. •
 

 According to section 31 of Act No.
 
 20
 
 of 1914, before it was amended, a claim for compensation was barred unless within one year after the injury or death the parties agreed upon the payments to be made, or unless within one year after the injury proceedings were begun as provided in the act. In the case of Guderian v. Sterling Sugar & Railway Co., 151 La. 59, 91 So. 546, in 1922, it was decided that the word injury meant the injurious result of the accident, and that the action was not barred if brought within a year after the injury manifested itself, even though brought more than a year after the accident. By the Act of 1926, section 31 of the statute was amended by substituting the word accident for the word injury, in the only two places where the word injury had been used in that section. That is the only change that was made in that section of the statute by the amendment of 1926. We have no doubt, therefore, that the purpose of the amendment was to bar all claims for compensation under the statute unless adjusted by agreement of the parties within a year after the happening
 
 *311
 
 of the accident, or unless sued on within the year after the happening of the accident. It is to be observed that, under section 8, subsec. 1 (e) of the act of 1914 (which is subsection 2 of that section of the act of 192C), providing ■“Por injury causing death within one year after the accident,” the word accident, instead of the word injury, is used to mark the beginning of the year. And so, by the amendment. of section 31, by the act of 1926, the year in which a claim must be adjusted or an •action thereon must be brought, if brought at all, commences from the date of the accident, and not from the date on which the injury results or manifests itself. The consequence of the amendment is that, if no personal injury results or manifests itself within a year after an accident, and if, therefore, no compensation is agreed upon and no suit is filed within the year after the accident, there is no right of action for compensation under the statute. According to the statute, the word accident does not mean the resulting personal injury, but means the occurrence itself, the happening of which causes the injury. The statute, as amended, may seem harsh in that respect, but it is too plain now to admit of the construction which was given to it in Guderian v. Sterling Sugar & Railway Co.
 

 The district judge in this case held that the action would be barred if governed by the act of 1926, but that, inasmuch .as the contract of emifioyment was governed by the act of 1914, it would impair the obligation of the contract to apply to this case the act of 1920. The court of appeal did not subscribe to that view, or find it necessary to go that far, but, on the authority of West v. Industrial Lumber Co., 14 La. App. 224, 128 So. 678, held that, even under the act of 1926, the prescription of one year should be reckoned from the time the employee became aware of his injury. Strange to say, West v. Industrial Lumber Co. was decided originally by the same district judge who decided the present case, and the opinion rendered on appeal in West v. Industrial Lumber Co. was written by the same judge of the court of appeal- who wrote the opinion in the present case; and each judge, in the present case, adhered to the opinion which he had expressed in West v. Industrial Lumber Co. In that ease the district judge held that a claim for compensation for a disability arising in 1929, in so far as it was caused by an accident that happened in 1922, was barred by the prescription of one year. The Court of Appeal' overruled the plea of prescription; but, on the merits of the case, the Court of Appeal held that the plaintiff had failed to prove his alleged disabilities, and for that reason the court affirmed the judgment of the district court. We refused a petition for a writ of review in the case,- assigning as our reason that, under the facts found by .the court of appeal, the judgment was correct. The attorneys for the plaintiff in the present case are mistaken, therefore, in assuming that we approved the ruling of the court of appeal in overruling tbe plea of prescription in West v. Industrial Lumber Co.
 

 We agree with thq district judge, however, in his opinion that to apply Act No. 85 of 1926, in so far as it amends section 31 of Act No. 20 of 1914, to this case, would impair the obligation of the contract of employment made under the provisions of the act of 1914. The third paragraph of section 3 of the'act of 1914 declares: “Every contract of hiring
 
 *313
 
 * * * made subsequent to the time provided for this act to take effect, shall be presumed to have been made subject to the provisions of this act, unless there be as a part of said contract an express statement in writing not less than thirty days prior to the accident, * * * that the provisions of this act other than Sections 4 and 5 are not intended to apply, and it shall be presumed that the parties have elected to be subject to the provisions of this act and to be bound thereby.” Under the provisions of section 31 of the act, as construed in Guderian v. Sterling Sugar & Railway Company, the contract of employment gave White a right of action for compensation for any injury that might result from the accident which happened in 1921, and gave him the right to exercise that right of action at any time within a year after the discovery'of such injury.
 

 The fact that White did not bring hisl suit within a year after the act of 1926 went into effect would be important if section 31 of the act were merely a statute of limitation, or prescription, but it is not so, because the section, as amended, declares, in' effect, that there shall be no right or cause of action at all unless the injury results within a year after the accident. White could not have sued within the year after the act of 1926 went into effect, because no injury had manifested itself, and perhaps none had come into existence during the year. Therefore the rule that statutes of limitation or prescription affect fights of action already in existence,' from the time such statutes go into effect, is not applicable to this case. The doctrine which is applicable was well expressed by Mr. Justice Rost, for the court, in Third Municipality v. Ursuline Nuns, 2 La. Ann. 614, when he said that the duty of the courts to apply the law to all cases occurring after its promulgation was subject to the limitation that it should not impair the obligation of a contract, or upset the good order of society by destroying some strong or well-founded expectation, formed under a pre-existing law.
 

 The judgment is affirmed.
 

 ST. PAUL, J., dissents.