For the reasons assigned, the judgment appealed from is affirmed, with all costs.

143 So. 275

## CARROLL v. INTERNATIONAL PAPER CO.

### No. 31767.

June 20, 1932.

Madison, Madison & Fuller, of Monroe, for relator.

Todd & Todd, of Bastrop, for respondent.

OVERTON, J.:

Plaintiff was in the employ of defendant on February 9, 1928, as a boiler maker's helper, at defendant's mill in Bastrop. While engaged in performing his duties, and while sitting on a scaffold bucking rivets, a spark flew from a red hot rivet, hitting him on the nose and burning it. Plaintiff was treated by the company's physician once a week from the time of the injury until August 18, 1928, when he, in company with the physician, consulted, at the latter's suggestion, a specialist in Monroe. The examination in Monroe resulted in both the company's physician and the specialist finding that the burn had developed into a cancer. Until then, although being under the constant treatment of the company's physician, plaintiff was unaware of the fact that

the burn, which was an ordinary one, had developed, or was developing, into a cancer, though it showed some obstinacy in healing— an obstinacy which probably suggested the advisability of consulting a specialist. During the period between the burn and the consultation with the specialist, and even beyond it, up to his discharge on October 14, 1928, plaintiff continued to work for defendant.

On June 1, 1929, plaintiff brought the present suit for compensation under the Employers' Liability Act, Act No. 20 of 1914, as amended from time to time. The suit was brought within one year from the time plaintiff became aware that the burn had developed into a cancer, but more than a year after he had received the burn.

Defendant has pleaded that plaintiff's cause of action is barred by the failure to institute it within one year after the accident occurred, which resulted in causing the cancer. The district court sustained this plea, and the Court of Appeal overruled it, and remanded the case for trial. The judgment of the Court of Appeal has been brought here for review.

Defendant relies on section 31 of Act No. 85 of 1926, amendatory of section 31 of Act No. 20 of 1914, to defeat the suit. The section reads as follows, omitting the typographical error caused by inserting the wording "of" between the words "accident or death" and the words "the parties shall have agreed," to wit:

"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this Act or unless within one year

after the accident, proceedings have been begun as provided in sections 17 and 18 of this Act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment."

At the time this amendatory section was enacted the ruling in the case of Guderian v. Sterling Sugar & Ry. Co., 151 La. 59, 91 So. 546, had been made, and was in full operation, holding, in effect, that the bar of one year did not begin to run, under the original section 31, until the employee, exercising due diligence, had become aware of the injury which was in that case the loss of an eye, which unknowingly, was slowly and unexpectedly brought about. A similar ruling, made by the Court of Appeal, in Jones v. General Accident Fire & Life Assurance Corporation, 1 La. App. 88, had also been made, and was in full operation at the time the original section was amended.

The sole change made in the original section was to substitute the word "accident" for the word "injury" in two places. The Legislature unquestionably had some object in view in making the change. It skipped from section 23 to section 31 to make it, and then went to section 37 (see Act No. 85 of 1926). This, we must presume, it did not do idly and without reason. The only conceivable purpose that it had in view was to change the rule in Guderian v. Sterling Sugar & Ry. Co., and in Jones v. General Accident Fire & Life Assurance Corporation, so that, as to accidents occurring in the future, no recovery could be had for injuries not manifesting themselves for more than a year after the accident, at least, where there has been no

agreement as to the payments under the Employers' Liability Act, or no suit filed, because of such injuries as have become manifest within that time. In short, the purpose of the change was not to give a cause of action for such injuries, for it is inconceivable that a person may sue on a cause of action that has not arisen or made its existence known. The Legislature, no doubt, was influenced in making the change, not only because of the remoteness of the injury to the accident and the resulting difficulty in establishing the connection of the accident with the injury, but to avoid holding the employer for a possible liability for a number of years for some apparently slight accident seemingly too inconsequential to notice at the time.

This case was virtually decided in the case of White v. Louisiana Western Ry. Co., 174 La. 308, 140 So. 486, 487, where it was said:

"According to section 31 of Act No. 20 of 1914, before it was amended, a claim for compensation was barred unless within one year after the injury or death the parties agreed upon the payments to be made, or unless within one year after the injury proceedings were begun as provided in the act. In the case of Guderian v. Sterling Sugar & Railway Co., 151 La. 59, 91 So. 546, in 1922, it was decided that the word injury meant the injurious result of the accident, and that the action was not barred if brought within a year after the injury manifested itself, even though brought more than a year after the accident. By the Act of 1926, section 31 of the statute was amended by substituting the word accident for the word injury, in the only two places where the word injury had been used in that section. That is the only change that was made in that section of the statute by the amendment of 1926. We have no doubt, therefore, that the purpose of the amendment was to bar all claims for compensation under the statute unless adjusted by agreement of the parties within a year after the happening of the accident, or unless sued on within the year after the happening of the accident. It is to be observed that, under section 8, subsec. 1 (e) of the act of 1914 (which is subsection 2 of that section of the act of 1926), providing 'for injury causing death within one year after the accident,' the word accident, instead of the word injury, is used to mark the beginning of the year. And so, by the amendment of section 31, by the act of 1926, the year in which a claim must be adjusted or an action thereon must be brought, if brought at all, commences from the date of the accident, and not from the date on which the injury results or manifests itself. The consequence of the amendment is that, if no personal injury results or manifests itself within a year after an accident, and if, therefore, no compensation is agreed upon and no suit is filed within the year after the accident, there is no right of action for compensation under the statute. According to the statute, the word accident does not mean the resulting personal injury, but means the occurrence itself, the happening of which causes the injury. The statute, as amended, may seem harsh in that respect, but it is too plain now to admit of the construction which was given to it in Guderian v. Sterling Sugar & Railway Co."

It does not appear that there was any agreement adjusting the claim, or, as we have said, that suit was filed within the year.

The judgment of the Court of Appeal is set aside, and the judgment of the district court is reinstated.