## TRICHELL v. STOVALL DRILLING CO., Inc.

### No. 4597.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1933.

Julius T. Long, of Shreveport, and Fink & Fink, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

DREW, Judge.

This is a suit under the Workmen's Compensation Act of Louisiana (Act No. 20 of 1914, as amended), wherein plaintiff is seeking to recover for total permanent disability, due to the loss of one eye and injury to the other eye. He alleged that the accident which ultimately caused the injury and loss of eye occurred on March 5, 1927, and that he was paid two weeks' compensation for the two weeks immediately subsequent to the said accident, and discharged as well; that on August 25, 1931, he was informed by a physician that he had practically lost the sight of one eye, and that on June 10, 1932, he completely lost the sight of said eye; that the eye has not been injured since the accident on March 5, 1927, at which time he was in the employ of defendant company.

Defendant filed a plea of prescription of one year, which was sustained by the lower court, and plaintiff has prosecuted this appeal.

One-year prescription in compensation cases runs from occurrence of the accident, not from the time that employee became aware of injury resulting therefrom. Act No. 20 of 1914, § 31, as amended by Act No. 85 of 1926. Carroll v. International Paper Co., 175 La. 315, 143 So. 275; White v. La. Western R. Co., 174 La. 308, 140 So. 486.

This suit was filed July 31, 1932, more than five years after the accident alleged on. There had been no agreement to pay made between defendant and plaintiff, and compensation had only been paid for two weeks immediately subsequent to the accident.

The plea of prescription of one year was correctly sustained, and the judgment of the lower court is affirmed, with costs.