Dunn Const. Co. *v.* Bourne.

(Division A.  March 4, 1935.  Suggestion of Error Overruled April 15, 1935.)

[159 So. 841.  No. 31560.]

**Parker & Shivers**, of Poplarville, for appellant.

Hathorn & Williams, of Poplarville, for appellee.

Argued orally by **H. H. Parker**, for appellant, and by **E. B. Williams**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Bourne, appellee, instituted this suit in the chancery court of Pearl River county originally against the Union Indemnity Company seeking to recover compensation alleged to be due him under the Workmen's Compensation Act No. 20 of the Laws of Louisiana of 1914, and amendments thereto, for injuries sustained while working for the Dunn Construction Company. This suit was brought within twelve months of the date of the accrual of the cause of action. The liability against the Union Indemnity Company was that of insurer, as contemplated by the act. The cause was transferred to the federal court and remanded by it to the chancery court. The insurer had become insolvent in the meantime, and thereupon on September 5, 1933, Bourne filed his supplemental or amended bill for the first time making the Dunn Construction Company, the appellant here, a party thereto. This amended bill was filed more than twelve months after the cause of action accrued.

The Dunn Construction Company appeared and demurred to the bill on the ground that the cause of action was barred by the twelve-month limitation found in section 31, Act No. 85, Laws of Louisiana of 1926 (page 124). The cause of action here arose subsequent to the passage of that act. The demurrer was overruled, the Dunn Construction Company answered, and there was a decree in favor of Bourne for the amount claimed to be due him, from which the Dunn Construction Company prosecutes an appeal here.

It is necessary to state further that Bourne was an employee of the Dunn Construction Company, and the injury alleged to have been sustained by him occurred while he was engaged in its service on a contract being executed and performed wholly in the state of Louisiana.

The sole assignment of error presented here is that the court below erred in overruling the demurrer filed by appellant to appellee's bill.

Confessedly, there was no effort to sue the Dunn Construction Company within the twelve-month period. It is the contention of the appellee that the Union Indemnity Company, the insurer, and the Dunn Construction Company, the employer, are liable in solido to Bourne, the employee of the Dunn Construction Company, and, further, that having instituted suit against the insurer, a party liable in solido with the appellant to the appellee, within the twelve-month period, then said suit brought against the insurer intercepted the running of the twelve-month period of limitation as to this appellant, as provided in section 31. Section 31 is as follows: "That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this Act or unless within one year after the accident, proceedings have been begun as provided in Sections 17 and 18 of this Act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment."

The interrupting statutes in the Civil Code of Louisiana, relied on by appellee, are as follows:

"Art. 2097 (2092). A suit brought against one of the debtors in solido interrupts prescription with regard to all."

"Art. 3552 (3517). Id. Debtors in Solido; Heirs. A citation served upon one debtor in solido, or his acknowl-

edgment of the debt, interrupts the prescription with regard to all the others and even their heirs. . . ."

Section 31, quoted above, is part of the Louisiana Workmen's Compensation Act, while the sections interrupting prescription are part of what we conceive to be the general statutes of limitations or prescription of the state of Louisiana. The insurer and the employer are liable in solido within the terms of the compensation act. See Bernard v. Ætna Ins. Co. (La. App.), 150 So. 305, and Dodd v. Lakeview Motors, Inc. (La. App.), 149 So. 278. In these cases the Court of Appeals of Louisiana applied their general statutes interrupting prescription.

The controlling principle governing the decision of this case was announced and determined by this court in the case of Louisville & Nashville R. Co. v. Dixon, 168 Miss. 14, 150 So. 811, wherein this court held, with reference to the particular act here under review, that it created a right of action not existing under the common law, and by its own terms fixed the time within which the action must be begun and that this time limit is a substantive condition inherent in the statute and not a statute of limitations or prescription, and that the right to institute action thereunder becomes extinct after the time fixed therein has elapsed. Our court also called attention to the case of Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25, wherein the Supreme Court of Louisiana held that the twelve-month period was a statute of prescription, and, as we understood it, not a bar to the action, although the statutes providing for interruption were not a part of the act.

Subsequently, in White v. Louisiana Western R. Co., 174 La. 308, 140 So. 486, the Supreme Court held that the period of one year limitation referred to in section 31 was not a mere statute of limitations, but was so much a matter of substance integral in the statute that a change in it with regard to the allowable period for suits could not be made so as to affect suits on liability occurring

prior to the change or amendment, and further held that such a change in the statute would impair the obligation of a contract. The view of the Supreme Court in the White Case was followed and amplified by the federal Circuit Court of Appeals for this district in Ford, Bacon & Davis, Inc., v. Volentine (C. C. A.) 64 F. (2d) 800.

We are therefore of the opinion that we are justified in construing this period of limitation to be a part of the substantive law of the state of Louisiana, which is binding upon us, not being contrary to our own public policy, and in the Dixon Case, supra, we declined to apply an exception or interruption arising under our statute to this twelve-month limitation, and for the same reason we will not here apply the general statute of limitations nor the exceptions or interruptions thereof, as provided by the prescription statutes of the state of Louisiana. As we view it then, this twelve-month statute contained in section 31 is such a limitation upon the right to bring the action that it will not only be enforced in this state but, as we understand it, everywhere. The limitation accompanies the obligation, at least in this state. As the time has elapsed, the right has gone, and that time provided for in section 31 is not a mere matter of procedure but is an integral part of the right to bring the action; and in our view the Louisiana general statutes of limitations, and the interruptions thereof, are not pointed to nor aimed at this Workmen's Compensation Act. The general statutes of limitations and the interceptions thereto, or interruptions thereof, are part of the procedure of Louisiana and not part of its substantive law. So regarding them, they cannot be applied by us to this cause of action in this state. We enforce our own rules of procedure, which include our own statutes of limitations with the exceptions and interruptions thereof both in courts of law and equity. Fears v. Sykes, 35

Miss. 633; Rucks v. Taylor, 49 Miss. 552; Perkins v. Guy, 55 Miss. 153, 30 Am. Rep. 510; Scharff v. Lisso, 63 Miss. 213; Wright v. Mordaunt, 77 Miss. 537, 27 So. 640, 78 Am. St. Rep. 536; Fisher v. Burk, 123 Miss. 781, 86 So. 300; 12 C. J., p. 447, section 27; and 25 Cyc. pp. 1018, 1019

Our own statute of limitations, section 2320, Code of 1930, is directly the opposite of the above-quoted Louisiana statute, and is in this language: *"Bar of statute of limitations against one does not affect another jointly interested.*—In all cases where the interests are joint, one shall not be barred because another jointly interested is, but the statute of limitations provided in this chapter shall be severally applied, and not jointly, to the right of actions, in whatever cause, pertaining to each of all the parties, though jointly interested."

Therefore, the rule in Mississippi is that a suit against one of several persons liable in solido does not interrupt the statute as against the other not so sued, and this we have enforced. Griffith's Chancery Practice, sections 110, 298; Brown v. Goolsby, 34 Miss. 437; Potts v. Hines, 57 Miss. 735; Foster v. Canning Co., 71 Miss. 624, 15 So. 931; Cox v. Mortgage Co., 88 Miss. 88, 40 So. 739; Moore v. Luke, 110 Miss. 205, 70 So. 84; Pennington v. Purcell, 155 Miss. 554, 125 So. 79.

Having determined that the twelve-month period of limitation, herein being considered, is a rule of substantive and not adjective law, we are of opinion that when the Dunn Construction Company was finally brought into the suit, so far as it was concerned, the twelve-month statute had barred the action, and the suit against one jointly liable with it would not, in this state, interrupt the running of that statute, and as to the appellant here, the cause of action is finally barred.

We are not dealing here with a title acquired to physical property by the running of the statutes of prescription or limitations of another state or interruptions

thereof or exceptions thereto, but we are concerned here with a statute creating a cause of action unknown to the common law with its own limitations and restrictions contained therein.

Reversed and bill dismissed.