This is an appeal from a judgment sustaining a plea of prescription and peremption to a petition for workman's compensation. The petition states that the plaintiff was employed on and prior to August 27, 1942, by the Lake Charles Harbor and Terminal District as guard, and shed foreman, and that on August 27, 1942, while in the course and scope of his employment, attempting to close a heavy door that was jammed, the said door, upon being loosened, struck plaintiff's right foot near the ankle "inflicting a severe injury upon it."
The petition alleges further that the injury was not believed to be serious or permanent at the time of the accident, and petitioner continued to work, but that gradually, after the passage of considerable time, this traumatic lesion on plaintiff's ankle developed into a sarcoma; that on February 13, 1945, Dr. T.H. Watkins operated on plaintiff with a view of relieving the condition of his ankle and leg, after which plaintiff was given x-ray treatments, and that since this first operation and x-ray treatments did not cure the condition, it became necessary to amputate plaintiff's right leg near the knee, which amputation was done on April 15, 1946. The petition states further that no workmen's compensation whatsoever has been paid to plaintiff, but that the medical services given him by Dr. Watkins, by whom he was treated from the date of injury to date, were paid for by the defendant, Lake Charles Harbor 
Terminal District and/or its insurer, U.S. Fidelity Guaranty Company, who is also made defendant herein.
The plaintiff prays for workman's compensation at the rate of $15.44 (65% of his weekly wage) from September 19, 1945, for a period of 400 weeks, together with legal interest from maturity on past due instalments, and for all costs.
The petition was filed on August 10, 1946, and the defendants thereupon each filed an exception of prescription and peremption and an exception of no cause and no right of action.
The trial judge based his judgment entirely on the exception of prescription and peremption, and in his written opinion, he brings out the fact that this case is similar to the case of Carroll v. International Paper Co., 175 La. 315, 143 So. 275, wherein the Supreme Court sustained a plea, of prescription and peremption on facts similar to those involved herein, and he states that whereas the plaintiff is permanently disabled as a result of the blow received by him on August 27, 1942, that since no action of any kind was filed until October 10, 1946, he is forced to uphold the plea of prescription and peremption in accordance with the decision of the Supreme Court, supra.
Both the plaintiff and defendants have submitted clear, well written briefs. The main contention of plaintiff is that even though no compensation was ever paid to plaintiff and no suit was filed prior to August 10, 1946, that the injury developed gradually from a minor injury as of August 27, 1942, into a more serious injury as of February 13, 1945, when he was subjected to a minor operation, and an even more serious injury by April 15, 1946, when his leg had to be amputated; and that during this whole period plaintiff was under the care of Dr. Watkins, at the direction or with the consent of defendant employer and that the defendant employer, or its insurer, made payment for medical services to Dr. Watkins on August 23, 1945; that, in effect, the payment of these medical benefits for services given during this whole period resulted in the interruption of prescription. Counsel for plaintiff *Page 500 
argues, in other words, that the prescription and peremption set forth in Section 31 of the Compensation Act, Act No. 20 of 1914, as amended by Act No. 29 of 1934, is interrupted by the payment of medical benefits in the same manner as by the payment of regular compensation. Counsel fails to quote any authority on that contention, claiming it is his belief that this is the first time the point has been urged before the courts.
Counsel for defendants contends that the reason this point has never been presented before is because the Act on this point is clear to the effect that medical expenses paid are not to be considered as payments interrupting prescription. He further says that even if the contention of plaintiff that treatment by Dr. Watkins at defendants' expense interrupted prescription, then and in that case the first specific allegation of treatment was as of February 13, 1945, (although the petition does contain the general allegation that Dr. Watkins treated plaintiff continuously from the date of injury to date).
It is clear from the allegations of the petition that the accident from which plaintiff's disabling injury resulted occurred on August 27, 1942, and that the disabling injury manifested itself on February 13, 1945, a period of over two years from the date of the accident and that the amputation of his leg below the knee was done on April 15, 1946. Plaintiff did not file his suit until August 10, 1946, almost four years after the accident. It is also admitted that no compensation whatsoever was paid during the interim and no agreement for compensation was made during said period.
Section 31 of the Workmen's Compensation Act, Act No. 20 of 1914, as amended, reads as follows:
"That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this act or unless within one year after the accident proceedings have been begun as provided in Sections 17 and 18 of this Act. Where, however such payments have been made in any case said limitations shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitations shall not take effect until the expiration of one year from the time the injury develops,but in all such cases the claim for payment shall be foreverbarred unless the said proceedings have been begun within twoyears from the date of the accident." Dart's Statutes, § 4420, Sect. 1, Act No. 85 of 1926, Sec. 1, Act No. 29, 1934. (Italics ours.)
Under the facts, and Section 31, supra, it is evident that the plaintiff's action has perempted and prescribed unless we hold that the furnishing of medical expenses by defendant, which was paid by defendant, on August 23, 1945, is within the purview of the word "payments" as found in the said Section 31, thus interrupting the running of prescription or peremption.
[1] The mere reading of Section 8 of said Act, subsections 1, 5, 6, 7, as amended by Act No. 242 of. 1928, and No. 120 of 1944, and. Section 18, subsection 5, as amended by Act No. 81 of 1930, without quoting extensively therefrom, clearly shows that the word "payments" as used in Section 31 refers solely to the payment of compensation and not of "furnishing" medical expenses, and that is the reason why this question was never raised before. However, the Supreme Court has had the occasion to consider the plea of prescription or peremption under similar facts and upheld the plea without regard to the fact that plaintiff had alleged, as in this case, that medical expenses had been furnished him within the year prior to his bringing the suit. See Carroll v. International Paper Co.,175 La. 315, 143 So. 275. Likewise the Court of Appeal, Second Circuit, in the case of Stephenson v. McCook Bros. Funeral Home, Inc., et al, La. App., 27 So.2d 644, a much stronger case than the one at bar, did not consider the furnishing of medical expenses as interrupting prescription. We admit that the question was not directly presented to the Court, but it must be conceded that had the court been of the opinion that the furnishing of medical *Page 501 
expenses, interrupted the running of prescription that it would have so held, more particularly in the Carroll case supra.
Again the Supreme Court in no uncertain language, in the case of Thornton v. E. I. Du Pont De Nemours Co., 207 La. 239,21 So.2d 46, loc. cit. 52, held that "according to Section 31 of the statute, it is the payment of compensation — not the payment of wages — that prevents the running of prescriptionagainst a claim for workmen's compensation." (Italics ours.) If the payment of wages equal to or in excess of compensation payments do not interrupt the running of prescription, then, a fortiori, the voluntary furnishing of medical expenses to an employee cannot be said to interrupt the running of prescription under Section 31 of the act. To hold otherwise, it would be contrary to the language of Section 31 and it would force an employer to refuse to furnish medical treatment to an employee pending determination of liability, whereas it is, common custom for the employer to furnish medical aid and assistance to its employees for merely humane reasons, and, moreover, it is customary for an employer to furnish medical assistance to an injured employee in many cases above the maximum required by law.
[2] It is well established that when medical assistance, when liability for compensation is decreed to exist and in excess of the statutory maximum, is furnished without the consent and approval of the employee, no allowance is made against the payment of compensation in the compensation judgment, but same is merely considered as a gratuity, see Hunt v. Magnolia Petroleum Co. et al., La. App., 10 So.2d 109, 115, which is another point to show that medical expenses furnished are not to be considered as "payments" contemplated by the said section under consideration. Furthermore, the failure to maintain the plea of prescription or peremption, under the facts of this case; on the ground that the furnishing of medical expenses interrupted the running of prescription or peremption would be tantamount to legislating on our part; in effect, amending Section 31 of the act, which is a province of the Legislature.
For these reasons, the judgment appealed from is affirmed. *Page 524