Richard C. **RAINWATER** and Anna D. Rainwater, Plaintiffs

v.

**LAMAR LIFE INSURANCE COMPANY; Conseco Life Insurance Company; Thomas Stroo; James Payton; and Other Related Companies the Identity of Which Will be Ascertained Through Discovery in This Action, Defendants.**

**Civil Action No. 2:01cv179-KS-JMR.**

United States District Court, S.D. Mississippi, Hattiesburg Division.

June 24, 2005.

John C. Johnston, Ronald O. Gaiser Jr., Gaiser & Associates, PC, Birmingham, AL, Lawrence E. Abernathy, III, Attorney, Laurel, MS, for Plaintiffs.

Emerson Barney Robinson, III, Phillip B. Abernethy, Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Charles E. Griffin, Griffin & Associates, Douglas R. Duke, Shell Buford, PLLC, Jackson, MS, F.A. Flowers III, Jason Allen Walters, Ricky J. McKinney, Burr & Forman, LLP, Birmingham, AL, David M. Ratcliff, Ratcliff & Ratcliff, Chris B. McDaniel, Deidra J. Bassi, Norman G. Hortman, Jr., Hortman, Harlow, Martindale, Bassi, Robinson & McDaniel, PLLC, Laurel, MS, Frank D. Montague, Jr., Montague, Pittman & Varnado, Hattiesburg, MS, for Defendants.

### MEMORANDUM OPINION
### ON REMAND

STARRETT, District Judge.

On June 28, 2002, this court entered a Memorandum Opinion and Order in which the court granted the Rainwaters' Motion to Remand to state court.[1] On July 10, 2002, the defendants (hereinafter "Conseco") filed a motion under Federal Rules of Civil Procedure 59(e) to: (1) alter or amend the court's June 28, 2002, Memorandum Opinion and Order by denying the Rainwaters' remand motion outright, or (2) deny the Rainwaters' remand motion and certify appealability to the Fifth Circuit, or (3) vacate the June 28, 2002, Memorandum Opinion and Order and stay this action pending the outcome of an interlocutory appeal in a case then recently certified by Judge Barbour in a similar action. The court conducted a hearing on October 30, 2002, at which time the parties were per-

---

**1.** All previous hearings and rulings in this matter were presided over and rendered by Judge Charles W. Pickering, Sr., prior to his elevation to the Fifth Circuit Court of Appeals.

mitted to present their positions. The court also invited amicus briefs and permitted amicus parties to offer additional argument.

On February 14, Judge Pickering reversed his prior remand order finding that there was no reasonable basis to predict that the Rainwaters could establish a cause of action against the non-diverse defendants, Thomas Stroo and/or James Payton ("Stroo" and "Payton"). Judge Pickering concluded that the Rainwaters' claims against both Stroo and Payton were time-barred under the applicable Mississippi statute of limitations but that there was enough doubt about Mississippi law in the area of fraudulent concealment to warrant certification of an interlocutory appeal under 28 U.S.C. § 1292(b). The appeal was accepted by the Fifth Circuit.

■ After the parties had filed their appellate briefs, the Fifth Circuit decided *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir.2003). *Ross* resolved any doubt about the issue of fraudulent concealment under Mississippi law and would have supported an affirmance of Judge Pickering's denial of remand. However, in the meantime, another case involving removal and remand issues was under *en banc* consideration, *Smallwood v. Illinois Cent. R. Co.* 385 F.3d 568 (5th Cir.2004), *cert. den.* —— U.S. ——, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005) (NO. 04–831). *Smallwood* dealt with removal and remand issues related to

improper joinder[2] of defendants to defeat diversity jurisdiction. *Smallwood* held that when a court is confronted with a legal determination that there is no reasonable probability for recovery against an in-state defendant based on a defense that would also obviate all claims against all out-of-state defendants, the case must be remanded because there is no improper joinder. In other words, if a so-called "common defense" would eliminate *all* claims against *all* defendants, there is no improper joinder and remand is required.

Therefore, in considering the facts of this case in conjunction with the *en banc* holding in *Smallwood,* the panel elected to remand the case to this court for a determination of whether such a common defense existed herein. *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636 (5th Cir.2004).[3] Under the dictates of the remand order, this court must determine if the time-bar of the claims against Stroo and Payton would apply equally to the diverse defendant Conseco,[4] thereby potentially disposing of all claims against all defendants and requiring the case to be remanded.

Conseco has briefed the issues being careful to assert that the Rainwaters have alleged causes of action against it independent of those alleged against Stroo and Payton which the court found to be subject to the time-bar. An admission by Conseco that the time-bar would also apply to all the claims against it would necessitate a

---

**2.** Prior to *Smallwood,* such improper joinder was generally known as "fraudulent joinder." However, *Smallwood* recognized that the doctrine was more realistically one of improper joinder and expressed a preference for this current nomenclature as being "more consistent with the statutory language." 385 F.3d at 571, n. 1.

**3.** The court recognized that the determination of the existence of a common defense is a legal determination capable of resolution on appeal, but the panel had "considerable diffi-

culty discerning the distinct theories of recovery advanced and causes of actions alleged in the plaintiff's complaint." 391 F.3d at 638. To assist this court in making the legal determinations necessary, additional briefing was ordered and is now complete.

**4.** Even though Lamar Life is still listed as a defendant, Conseco Life Insurance Company purchased Lamar Life prior to the institution of this litigation and is the only real defendant in interest who is of diverse citizenship to the plaintiffs.

remand, where, presumably, the state court would be in the position of merely recognizing the time-bar and dismissing all claims. Apparently, Conseco does not wish to take that chance.

The Rainwaters have filed their brief and do not even address the issue of whether they have indeed asserted additional or independent claims against Conseco to which the time-bar would not apply. Instead, they argue that the panel in this case has misinterpreted *Smallwood* and the Supreme Court case relied on therein, *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914), and urge this court to correct that error.

■ The Rainwaters' argument herein is much the same as the panel hinted that their complaint is, less than "pellucid." That being said, the panel opinion is the law of the case, and this court is obligated to view it accordingly, notwithstanding the Rainwaters' invitation to do otherwise. *See United States v. Mendez*, 102 F.3d 126, 131 (5th Cir.1996)(citing *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983))(The [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.); and *White v. Murtha*, 377 F.2d 428, 431 (5th Cir.1967)(The law of the case rule is based on the salutary and sound public policy that litigation should come to an end. A decision of a legal issue or issues by an appellate court establishes the law of the case and must be followed in all subsequent proceedings in the same case.).

Nevertheless, the court will review the complaint and Conseco's argument that the Rainwaters are asserting independent claims against it that would not be disposed of by the time-bar which causes the dismissal of Stroo and Payton. The court

thus has a limited role in deciding whether this case is remanded or remains here. By its former opinion and affirmance by the Fifth Circuit, it is established that the Rainwaters have no reasonable basis to establish a claim against Stroo and Payton.

■ The initial burden to show that the removal was proper rests squarely on Conseco's shoulders. The Fifth Circuit has consistently held that the party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that court. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993), *cert. den.* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993) (NO. 93–184); *Village Fair Shopping Center Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir.1979); *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir.1975).

Conseco's first argument is that Mississippi's statute of limitations that bars the claims against Stroo and Payton is personal and to be applied against each defendant separately as set forth in Miss.Code Ann. § 15–1–75 (Supp.2004). That section provides:

In all cases where the interests are joint, one shall not be barred because another jointly interested is, and the statute of limitations provided in this chapter shall be severally applied, and not jointly, to the right of actions, in whatever cause, pertaining to each of all the parties, though jointly interested.

■ The only annotated judicial decision interpreting this statute is *Dunn Const. Co. v. Bourne*, 172 Miss. 620, 159 So. 841 (Miss., 1935). *Dunn* held "[t]herefore, the rule in Mississippi is that a suit against one of several persons liable in solido does not interrupt the statute as against the other not so sued." 159 So. at 843. This explanation of the statute seems to state

that the interpretation placed on it by Conseco is wrong. *Dunn* stands for the proposition that an applicable time-bar statute is not tolled as to one who may be jointly liable but not sued when suit is filed against another who is potentially jointly liable. The cases relied on in *Dunn* were *Brown v. Goolsby*, 5 George 437, 34 Miss. 437 (Miss.Err. & App.1857); *Potts v. Hines*, 57 Miss. 735 (Miss.1880); *Foster v. Gulf Coast Canning Co.*, 71 Miss. 624, 15 So. 931 (Miss.1894); *Cox v. American Freehold & Land Mortg. Co.*, 88 Miss. 88, 40 So. 739 (Miss.1906); *Moore v. Luke*, 110 Miss. 205, 70 So. 84 (Miss.1915); *Pennington v. Purcell*, 155 Miss. 554, 125 So. 79 (Miss.1929), and all seem to support this conclusion.

Conseco was jointly sued with Stroo and Payton. Section 15–1–75 has never been interpreted in the way urged by Conseco. Perhaps the evolution of the common defense theory has ushered in this novel new approach based on a long dormant or at least forgotten statute. This court does not adopt Conseco's view which would use the statute to defeat the common defense theory where the potentially jointly liable parties are jointly sued. This statute has been interpreted to prevent the relation back of tolling to potentially jointly liable parties subsequently amended into existing litigation. The above Mississippi cases hold that tolling begins when one is actually sued or brought in by amendment regardless of the status of a potentially jointly liable party. Section 15–1–75 means nothing more.

■ Likewise, Conseco's supporting argument that the time-bar defense must be applied severally as to the Rainwaters' claims of fraudulent concealment is of no moment. Conseco argues that because the Rainwaters are obligated to show both an affirmative act of concealment by each defendant and due diligence to discover same

within the limitations period for these claims to survive, such separate analysis defeats the common defense theory. That type of in-depth analysis is inappropriate in a removal and remand context. "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. To delve into the merits of a defense rather than merely to recognize the assertion of a defense common to all which defeats plaintiff's case in order to decide whether to remand, defeats the intent of *Smallwood*, its ancestry and its progeny.

As this court reads *Smallwood*, in an improper joinder case, once a common defense capable of disposing of all claims against all defendants is identified, the case must be remanded as the joinder is not improper. If, however, the court identifies a common defense which disposes of the claims against the non-diverse defendant and only *some* of the claims against the diverse defendant, the court may go no further in the analysis of that particular defense. The court must then proceed to examine the other claims and defenses to be certain there are no other such common defenses. If there are none, the non-diverse defendants should be dismissed as improperly joined and the case allowed to proceed to resolution against the diverse defendant in the federal forum.

The common defense of the statute of limitations to the fraudulent concealment claims has already been identified as applicable to Stroo and Payton and is equally applicable to Conseco. Therefore, under the facts of this case, the only thing which will prevent a remand of the action is if the court determines that there are independent claims made against Conseco which are not applicable to Stroo and/or Payton and not subject to the same time-bar. The application of the time-bar will be accomplished by this court by its dismissal of

Stroo and Payton as improperly joined if such additional claims are identified in the complaint. If no such additional claims are identified, the state court will resolve the time-bar as to all defendants on remand.

As pointed out above and by the Fifth Circuit, the allegations of the Rainwaters' complaint are less than easily discernible. Counsel for the Rainwaters do not even attempt to argue that their complaint contains any additional claims against Conseco beyond the fraudulent concealment claims which are time-barred as to Stroo and Payton. Without any legal support, they seem intent to argue that the panel in this case simply missed in its application of *Smallwood.*

Meanwhile, Conseco argues earnestly that the Rainwaters' complaint contains multiple independent claims against it. Conseco asserts that the Rainwaters have alleged that it is liable for the conduct of Stroo and Payton under a *respondeat superior* theory and is "directly liable" for its own "direct" and "independent" misconduct. Additionally, Conseco points out that the Rainwaters have asserted against it a claim of negligent supervision of Stroo and/or Payton. There are no factual allegations to support these alleged claims, and counsel for the Rainwaters have not helped to illuminate the theories supporting these claims. It would be difficult for the Rainwaters to survive a 12(b)(6) motion on these claims, and if this were all there is, the court would be reluctant to find the necessary independent claims against Conseco to prevent remand of this matter.

However, the Rainwaters' complaint also alleges that Conseco has engaged in a continuing practice of improperly setting interest rates and charging plaintiffs excess administrative fees and other fees on their policies still in effect today. These

are, apparently, contractual claims which would apply only to Conseco as neither Stroo nor Payton were parties to the underlying insurance contracts.

Therefore, under the mandate from the Fifth Circuit in this matter, the court determines that the Rainwaters have asserted independent claims against Conseco which are not subject to the common defense of statute of limitations on the fraudulent concealment claims. This necessitates the dismissal Stroo and Payton, denying remand and allowing the case to proceed to resolution in this forum.

IT IS THEREFORE ORDERED AND ADJUDGED that defendants **Thomas Stroo** and **James Payton are DISMISSED with prejudice** as improperly joined as there is no reasonable base for predicting that the Rainwaters will be able to recover against either of them.

IT IS FURTHER ORDERED AND ADJUDGED that the Rainwaters' **Motion to Remand is DENIED.**

IT IS FURTHER ORDERED AND ADJUDGED that the parties will contact Chief Magistrate Judge Roper within ten days of this order for the entry of a Case Management Order.