**Robert T. MATHIS, Sr., Petitioner-Appellant,**

**v.**

**The Hon. Melvin R. LAIRD, Secretary of the Department of Defense, Respondent-Appellee.**

**No. 71–2329**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 28, 1972.

Rehearing Denied May 18, 1972.

Robert T. Mathis, pro se.

John L. Briggs, U. S. Atty., Oscar Blasingame, Asst. U. S. Atty., Tampa, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff Robert T. Mathis served in the United States Army from 1946 until 1960. On September 26, 1960, he was given an undesirable discharge because of "an established pattern showing dishonorable failure to pay just debts." He brought this action in the district court seeking correction of his military discharge from undesirable to honorable and for money damages. He claimed

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al, 5th Cir. 1970, 431 F.2d 409, Part I.

that the Army Discharge Review Board which reviewed his case was hostile to him that he was not allowed counsel at the Board hearing, and that the hearing conducted by the Board was a "sham."

The district court, D.C., 324 F.Supp. 885, granted summary judgment for the defendant Secretary of Defense, giving as its grounds the running of the statute of limitations, lack of jurisdiction, and *res judicata*. Since *res judicata* clearly bars the bringing of this action, it is not necessary to consider the other grounds for denying relief.

Before filing suit in the district court, Mathis had been ruled against by the Court of Claims two times. There, as here, he alleged that his discharge was illegal. The first time, the Court of Claims held that Mathis' action was barred by the statute of limitations and dismissed the suit. Mathis v. United States, 183 Ct.Cl. 145, 391 F.2d 938 (1968). On petition for rehearing Mathis alleged that the had completed his original complaint within the limitation period, but prison authorities had failed to mail it properly.[1] The Court of Claims therefore vacated its order of dismissal and ordered that a hearing be held. Mathis v. United States, 183 Ct. Cl. 145, 394 F.2d 519 (1968).

The evidence developed at this hearing showed that plaintifff had not in fact tried to mail his complaint before the running of the statute of limitations. The Court of Claims again dismissed the action on February 20, 1970. Mathis v. United States, 190 Ct.Cl. 925, 421 F.2d 703 (1970). This suit in the district court was instituted on July 24, 1970.

 Plaintiff has already had not one but two days in court. Under any of the various tests which may be used to determine whether two actions are the same for *res judicata* purposes, see Acree v. Air Line Pilots Association, 390 F.2d 199, 201 (5th Cir. 1968), the claim asserted by appellant is identical to the one he pursued in the Court of Claims.

A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes. Williamson v. Columbia Gas and Electric Corp., 186 F.2d 464 (3rd Cir. 1950). The fact that the defendant here is the Secretary of Defense, rather than the United States, is of no consequence. Sunshine Coal Co. v. Adkins, 310 U.S. 381, 60 S.Ct. 907, 84 L.Ed. 1263 (1940); *cf.*, Carter v. Seamans, 411 F.2d 767 (5th Cir. 1969).

The district court was correct in holding the action barred by the doctrine of *res judicata*.

Affirmed.

---

1. Plaintiff was incarcerated in the Florida State Prison on a conviction for issuing worthless checks.