**Mack Boyd CUMMINGS, Plaintiff,**

v.

**Major COWAN, Sr. and Major Cowan, Jr., Defendants.**

**No. DC 74–129–K.**

United States District Court,
N. D. Mississippi,
Delta Division.

March 5, 1975.

Wendell Trapp, Jr., Corinth, Miss., Saul Kay, Memphis, Tenn., for plaintiff.

Elzy J. Smith, Clarksdale, Miss., William I. McLain, Memphis, Tenn., for defendants.

## MEMORANDUM OPINION

KEADY, Chief Judge.

This diversity-based action seeking damages for wrongful death was brought by Mack Boyd Cummings, husband of the decedent, Mary Cummings, and a citizen of Tennessee, on behalf of himself and all of the decedent's statutory heirs. The defendants are Major Cowan, Sr. and Major Cowan, Jr., who are Mississippi citizens. Additionally, Tennessee Farmer's Mutual Insurance Company (the insurer), as carrier of uninsured motorist coverage, has been noticed of the pendency of this action pursuant to the provisions of Tenn.Code Ann. § 56–1148, et seq. The record reflects that the Cowans, although personally served with process, have failed to answer or otherwise appear.

The insurer now seeks to dismiss the complaint on several grounds, the principal one being that the action is barred by the statute of limitations. In the alternative, the insurer insists that the action pending against it be severed from the trial as between plaintiff and the Cowans, so that the question of uninsured motorist coverage might be separately litigated.

The casualty from which this lawsuit arose occurred May 26, 1972, in Shelby County, Tennessee when, amid disputed circumstances, Mary Cummings was fatally injured after being struck by an automobile operated by Major Cowan, Jr. Although the record is far from complete, it appears that the accident took place immediately after the decedent alighted from a pickup truck in which she had been riding as a passenger.

On February 6, 1973, the plaintiff-heirs instituted an original action for the wrongful death of Mary Cummings in the Circuit Court of Shelby County, Tennessee, suing, among others, Major Cowan, Jr., and his father and the owner of the automobile, Major Cowan, Sr. Service of process on the Mississippi de-

fendants, however, proved unsuccessful.[1] Subsequently, but more than one year after their failure to obtain service of process on the Cowans, plaintiffs served the insurer, as though the insurer were a party defendant.[2] The insurer moved for summary judgment in the state court, contending that Tennessee's one-year statute of limitations applicable to tortious claims [3] and Rule 3 of the Tennessee Rules of Civil Procedure [4] barred plaintiffs' cause of action against both the Cowans and the insurer. The state court agreed, and on May 10, 1974, granted the motion for summary judgment and dismissed with prejudice the action against all defendants. Plaintiffs have now entered this federal district court to litigate the merits of their claims.

■ In considering the insurer's motion to dismiss, we recognize that, in diversity cases, the law of the forum state governs, including the applicable state statutes of limitations. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). More significantly for the case sub judice, the forum state's conflict of law rules also apply. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Gillies v. Aeronaves de Mexico, S.A., 468 F.2d 281, 284 (5 Cir. 1972); Kershaw v. Sterling Drug, 415 F.2d 1009 (5 Cir. 1969).

■■ In Mississippi, as in most jurisdictions, choice of law in wrongful death actions is governed by the "center of gravity" or "most substantial contacts" test. Mitchell v. Craft, 211 So.2d 509 (Miss.1968). The considerations relevant to choosing the substantive law to be applied under this test are well known and need not be recited here. See generally, The Restatement (Second) Conflict of Laws (Proposed Official Draft, Adopted May 24, 1968). In this instance, where the cause of action accrued in Tennessee, and where the plaintiffs and decedent were Tennessee citizens, we are satisfied that the Supreme Court of Mississippi would conclude, as we do, that Tennessee has the most substantial relationship to the oc-

---

1. Service was had on the Secretary of State of the State of Tennessee in accordance with Tennessee's nonresident motorist law, but personal service on the Cowans by mail was returned, undelivered, marked "addressee unknown". Under Tennessee law, this was not service on the individual defendants.

2. "Any insured intending to rely on the coverage required by §§ 56–1148—56–1153 shall . . . serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant . . . ." Tenn.Code Ann. § 56–1153.

3. "Actions for libel, *for injuries to the person,* false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and actions for statutory penalties shall be commenced within one (1) year after cause of action accrued. For the purpose of this section, insofar as products liability cases are concerned, the cause of action for injury to the person shall accrue on the date of the personal injury not the date of the negligence or the sale of a product and in said products cases no person shall be deprived of his right to maintain his cause of action until one (1) year from the date of his injury and under no circumstances shall his cause of action be barred before he sustains an injury." Tenn.Code Ann. § 28–304 (1974 Supp). (Emphasis added).

4. "All civil actions are commenced by filing a complaint with the Court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be returned served or unserved; but if the process is returned unserved, plaintiff, if he wishes to rely upon the original commencement as a bar to the running of a statute of limitations, must either prosecute and continue the action by applying for and obtaining issuance of new process from time to time, each new process to be obtained within six months from return unserved of the previous one, or plaintiff must recommence the action within one year after the return of the initial process not served."

currence and parties involved in this lawsuit, and that Tennessee substantive law must govern the rights and liabilities of the parties.[5]

■ The choice of law question is made somewhat more complex since statutes of limitation are involved in the insurer's motion to dismiss. As a rule, Mississippi treats statutes of limitation as procedural; and in keeping with the accepted practice of applying procedural rules of the forum state irrespective of the choice of substantive law, the state courts generally enforce Mississippi's limitation periods and not those of foreign jurisdictions. Kershaw v. Sterling Drug, supra; Bethlehem Steel Co. v. Payne, 183 So.2d 912, 916 (Miss.1966); Guthrie v. Merchants National Bank of Mobile, 254 Miss. 532, 180 So.2d 309 (1965); Dunn Construction Co. v. Bourne, 172 Miss. 620, 159 So. 841 (1935); Louisiana & Mississippi R. Transfer Co. v. Long, 159 Miss. 654, 131 So. 84, 88 (1930). Since the Mississippi general statute of limitations, applicable in wrongful death actions, permits suit within 6 years from the date of death of the decedent,[6] it is plain that if the Mississippi limitation controls, plaintiffs' action is timely brought.

■ The insurer poses two objections to the applicability of the Mississippi six-year statute and argues that Tennessee's one-year statute controls. The insurer first contends that this case falls within the scope of Mississippi's "borrowing" statute, which provides:

"When a cause of action has accrued in some other state or in a for-

eign country, and by the law of such state or country, or of some other state and country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state." Miss Code Ann. § 15–1–65 (1972).

This statute imports into local law the relevant statute of limitation of a foreign jurisdiction, thus giving one sued in Mississippi the continuing protection of a time bar completed elsewhere. The Supreme Court of Mississippi, however, has consistently construed this statute to benefit only a nonresident who has moved to this state after a foreign statute of limitations has barred suit against him in another state on a cause of action which arose there. The statute does not apply in favor of a person who is a resident of Mississippi at the time the cause of action accrues, even though the accrual takes place in another state. Louisiana & Mississippi R. Transfer Co., supra; Fisher v. Burk, 123 Miss. 781, 86 So. 300 (1920); New Orleans Great Northern R. Co. v. Fortinberry, 107 Miss. 79, 64 So. 966 (1914); Louisville & N. R. Co. v. Pool, 72 Miss. 487, 16 So. 753 (1895); Sheets v. Burman, 322 F.2d 277, 279 (5 Cir. 1963). Since the Cowans appear to have been Mississippi residents both on the date of the accident and at all times since, § 15–1–65 does not bring into play Tennessee's one-year statute; the insurer's first objection therefore fails.

---

5. That law consists primarily of Tenn.Code Ann. § 20–607 (Supp.1974), Tennessee's wrongful death statute:
"The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his next of kin; or to his personal representative, for the benefit of his widow or next of kin; or to his natural parents or parent or next of kin if at the

time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered by them, otherwise to his or her legally adoptive parents or parent, or to the administrator for the use and benefit of the said adoptive parents or parent; the funds recovered in either case to be free from the claims of creditors. In the case of the death of a married woman, such right of action shall pass to the surviving husband."

6. See Miss.Code Ann. § 15–1–49 (1972); Smith v. McComb Infirmary Ass'n., 196 So. 2d 91 (Miss.1967).

■ Secondly, the insurer asserts that, although statutes of limitation are generally procedural under Mississippi jurisprudence, Tennessee's statute of limitations for personal injuries resulting in death is substantive in nature and therefore controlling in the case sub judice. We do agree that where the cause of action upon which suit is based is exclusively one of legislative creation (in this case Tennessee's wrongful death statute), Mississippi adheres to traditional doctrine that where a foreign statute creating a cause of action provides a time within which the action must be brought, that limitation period is an integral part of the cause of action itself. Such a limitation so qualifies and conditions the statutory right that expiration of the prescribed period completely extinguishes the right, not only in the foreign jurisdiction but everywhere. Thus, a limitation of this nature is considered by the Mississippi courts to be a part of the substantive law of the foreign jurisdiction, at least where the courts of that state have not held otherwise, and will control whenever the Mississippi conflict-of-law rules dictate the employment of the substantive law of that foreign jurisdiction. Bethlehem Steel Co. v. Payne, 183 So.2d 912, 916 (Miss.1966); Monsour v. Farris, 181 Miss. 803, 181 So. 326, 328 (1938); Dunn Construction Co. v. Bourne, 172 Miss. 620, 159 So. 841 (1935); Louisville & N. R. Co. v. Dixon, 168 Miss. 14, 150 So. 811, 812 (1933); Gulf & S. I. R. Co. v. Bradley, 110 Miss. 152, 69 So. 666 (1951). Tennessee's wrongful death statute, however, contains no inbuilt period of limitation; and we have been directed to no limitation contained in any other Tennessee statute which is directed specifically to wrongful death actions. See Ramsey v. Boeing Co., 432 F.2d 592 (5 Cir. 1970). The Tennessee courts have instead applied that state's general one-year statute of limitations to wrongful death actions, treating it as a procedural bar to legal remedies and not as an extinguisher or qualifier of a statutory cause of action. McDaniel v. Mulvihill, 196 Tenn. 41, 263 S.W.2d 759 (1953); Sigler v. Youngblood Truck Lines, 149 F.Supp. 61 (E.D.Tenn.1957). In such a case, it is plain that the Supreme Court of Mississippi would follow its usual practice of regarding Tennessee's one-year statute as procedural only, and would apply the six-year limitation of the forum state. Davis v. Meridian & Bigbee R. Co., 248 Miss. 707, 161 So.2d 171 (1964); Louisville & N. R. Co. v. Dixon, supra.

■ Plaintiffs' action, then, is not barred by the statute of limitations applicable in this court. Furthermore, it is untenable for the insurer to assert, as it does, that the state court's dismissal with prejudice constitutes a res judicata bar to the present action. That dismissal in no way implicated the merits of plaintiffs' claims, but was grounded solely on the bar presented by the Tennessee statute of limitations. Since, as we have seen, that statute is only a procedural bar to enforcement of a statutory remedy, and not an integral part of the substantive right itself, the Tennessee state court judgment is not a merits determination. Indeed, all that was adjudicated by the Tennessee court, either as fact or law, was that service on the insurer was had after expiration of the one-year statutory period and that hence any remedy in that court was barred. The doctrine of res judicata and the Full Faith and Credit Clause, which supports and elevates the doctrine to a constitutional plane, thus do not preclude litigation of this cause of action in the state courts of Mississippi or in this federal district court. See Fricks v. Carroll, 368 F.2d 329 (5 Cir. 1966); Hartmann v. Time, Inc., 166 F.2d 127 (3 Cir. 1948); Warner v. Buffalo Drydock Co., 67 F.2d 540 (2 Cir. 1933); see generally 1B Moore's Federal Practice ¶0.409[6]. Other bases for dismissal now asserted by the company are devoid of merit.

■ We also decline the insurer's invitation to sever the claim against it from the plaintiffs' claims against the Cowans; who have, as of this date, not

contested the action. The claims against the insurer and the Cowans, although perhaps conceptually distinct, are logically related and arise from common issues of fact and law. No useful purpose would be served by ordering at this time separate trials in the case.

Let an order be entered accordingly.