## STEVE D. THOMPSON TRUCKING, INC.

v.

## DORSEY TRAILERS, INC. and Cortec, Inc.

### Civ. A. No. 86–1743.

United States District Court,
W.D. Louisiana,
Monroe Division.

Aug. 20, 1987.

Chaffe, McCall, Phillips, Toler & Sarpy, Jarrell E. Godfrey, Jr., E. Howell Crosby &

James A. Barton, III, New Orleans, La., for Steve D. Thompson Trucking, Inc.

Stone, Pigman, Walther, Wittmann & Hutchinson, William E. Brown, Noel J. Darce, C. Lawrence Orlansky, New Orleans, La., for Dorsey Trailers, Inc.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Raymond J. Salassi, Jr., New Orleans, La., for Cortec, Inc.

## MEMORANDUM RULING

WALTER, District Judge.

Plaintiff, Steve Thompson Trucking, Inc. ("Thompson") brings this action against Dorsey Trailers, Inc. ("Dorsey") and Cortec, Inc. ("Cortec"), for damages resulting from the sale of allegedly defective trailers purchased by Thompson and delivered over a period of eight months from May of 1981 to January of 1982. Dorsey was the manufacturer and seller of the trailers. Cortec was the manufacturer of the trailer panel walls alleged to be defective. Plaintiff contends that defects in these trailers have rendered them unsuited for their intended purpose. Plaintiff maintains that both defendants expressly and impliedly warranted these trailers and their fiberglass panel walls against defects and redhibitory vices and that as manufacturers they are presumed to know of the defects. Plaintiff seeks return of the purchase price, expenses, damages and attorney's fees. Alternatively, plaintiff claims to be entitled to a reduction in the purchase price.

Before this Court are the motions of Dorsey and Cortec for summary judgment pleading that prescription bars this action. Defendants contend that plaintiff had one year to bring its suit from the time it first discovered the defect. Defendants argue that Thompson was aware of all defects sued upon no later than 1984 and thus, this suit, filed in June of 1986, is time barred under Louisiana law. Plaintiff responds by asserting that the Louisiana one year prescriptive period in redhibition is inapplicable, that the Mississippi six year statute of limitations should apply. Alternatively, plaintiff argues that if the Louisiana one year limitations period is to apply:

(1) Prescription was interrupted by acts of Dorsey which lulled plaintiff into believing that the defects in the trailers could be eliminated.

(2) Prescription did not toll because plaintiff did not know the true cause of the defects until after suit was filed and discovery commenced.

In diversity cases, federal courts apply the choice of law rules of the forum in which they sit. However, as defendant Cortec properly noted, the question of which substantive law applies does not affect the question of the prescription.

Article 10, par. 6 of the Louisiana Civil Code provides:

"The prescription provided by the laws of this state applies to an obligation arising under the laws of another jurisdiction which is sought to be enforced in this state."

Further, the Fifth Circuit has stated that:

"Previous Louisiana cases clearly indicate that in a conflict of laws context, statutes of limitations are matters of procedure and that the statute of limitations of the forum controls, a maximum long accepted in American jurisprudence." *Wright v. Fireman's Fund*, 522 F.2d 1376, 1378 (5th Cir.1975).

Plaintiff argues that a limited exception to this rule applies in this case. Louisiana courts will apply a foreign statute of limitations "where it is an inherent part of the substantive law giving rise to the right of action". *Rohde v. Southeastern Drilling Co., Inc.*, 667 F.2d 1215, 1219 (5th Cir. 1982). This exception does not apply in the present case. An action for breach of an implied warranty based on the defective condition of goods is not one *created* by statute. The prescriptive period applicable in this case is dictated by the laws of Louisiana.

The claims presented in this case are in redhibition. Plaintiff tracks the language of C.C. Art. 2520 almost verbatim and requests the remedies available in redhibition. Suits in redhibition are subject to a one year prescriptive period. C.C. Art. 2534. Where the seller had knowledge of the vice as must be presumed here and did not declare it to the purchaser, a suit in redhibition must be commenced within a year of the discovery of the vice. C.C. Art. 2546.

Thompson first began to experience problems with the trailers in the early part of 1982. The side panels in some of the trailers developed "waves" and missing rivets were discovered during this period; plaintiff discovered separation of the trailer's side walls from the bottom rails and excess moisture accumulation in the trailers and panels. Plaintiff informed Dorsey of these problems and received correspondence from Dorsey on August 12, 1982, stating that the trailers were structurally sound and that some "waviness" was inherent in the type of trailer sold to Thompson. Dorsey also contended the problems complained of were maintenance related. Dorsey supplied plaintiff with rivets to effect its own repairs on some of the trailers.

Thompson implemented the maintenance suggestions but continued to experience problems with the trailers. The same problems continued to occur in 1984 in addition to several new ones. The deposition of Mr. Thompson establishes that each of the problems identified in paragraph 10 of the plaintiff's complaint were discovered and known no later than February of 1984. In a February 29, 1984, letter from plaintiff to Dorsey, petitioner's maintenance director refers to the problems with the trailers as a "very serious situation". It is obvious that by February of 1984 plaintiff had more than a mere apprehension that something might be wrong with the construction of the trailers. Despite this, plaintiff failed to bring suit within one year of discovery of the defects.

Plaintiff contends that it was only after defendants' formal disclaimer of liability in May of 1986 that it had any reason to suspect that the trailers were defective. Plaintiff argues that it did not discover the true cause of its problems until *after* suit was filed and an expert determined that the caulking on the top front corners of the trailers was defective. This argument is without merit. The prescriptive period for a redhibition action begins to run from the

date that the defect is manifest, not from the date of discovery of the underlying cause of the defect. *Lee v. Equitable Life Assur. Soc. of U.S.*, 391 So.2d 37, (La.App. 3rd Cir.1981), writ refused, 395 So.2d 1363.

Plaintiff also maintains that it was "lulled" by Dorsey into believing that the problems with the trailers would disappear with proper maintenance. Plaintiff relies on (1) a letter from Thompson to Dorsey dated August 12, 1982, and (2) purported assurances made to Thompson's maintenance director, Mr. Lashly, that "proper maintenance would maintain the useful life of the trailers." An examination of the letter of August 12, 1982, fails to support a finding that the plaintiff was "lulled" into foregoing any of its legal rights. The letter in question was merely a response to a customer's complaint. Dorsey refused to acknowledge any defect in the product, but instead stated that its trailers were structurally sound. The letter suggested that the problems encountered could be avoided if maintenance was undertaken by Thompson to insure that the trailers remained moisture free. In concluding, the defendants stated:

> "We trust the above explanation and assurances are adequate, but if you have further questions, please let me hear."

It is clear that Dorsey did not commit to correcting any alleged defect in the trailers. Where a correspondence between a buyer and a manufacturer does not constitute anything other than an investigation of the buyer's complaints, without any indication that the buyer was mislead into believing that manufacturer intended to take action to remedy a defect, the one year prescriptive period is not suspended. *People's Water Ser. v. Menge Pump & Machinery*, 452 So.2d 752 (La.App. 5th Cir. 1984), writ refused, 456 So.2d 1391.

When a seller or manufacturer attempts to repair the allegedly defective product, prescription does not run until one year after the last attempt to repair. In the case at bar, no attempts to repair were ever undertaken by either defendant. The letter dated February 29, 1984, from Thompson to Dorsey raises the possibility of a promise to repair. In which case, prescription would run one year from the date of the last promise. *Weaver v. Fleetwood Homes of Mississippi, Inc.*, 327 So.2d 172 (La.App. 3rd Cir.1976); *Bison v. LaHood*, 390 So.2d 920 (La.App. 2nd Cir.1980). Even construing the letter of February 29, 1984, as a promise to repair, plaintiff's suit was brought much more than one year thereafter. Plaintiff failed to timely avail itself of its rights under the law, and, therefore, its claims have prescribed. In accordance with the foregoing discussion, defendants', Dorsey and Cortec, motions for summary judgment are Granted. Plaintiff's case is Dismissed with prejudice.