**STEVE D. THOMPSON TRUCKING, INC., Plaintiff,**

v.

**DORSEY TRAILERS, INC. and Dyro–Tech Industries, Inc. D/B/A "CorTec", Defendants.**

Civ. A. No. J87–0255(B).

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 14, 1988.

Robert L. McArty, Donald B. Morrison, Perry, Morrison and Smith, Jackson, Miss., Howell Crosby, Chaffe McCall Phillips Toler & Sarpy, New Orleans, La., for plaintiff.

Covert J. Geary, H. Mark Adams, Jones Walker Waechter Poitevent Carrere & Denegre, New Orleans, La., for Dyro–Tech.

Steven D. Orlansky, Watkins & Eager, Jackson, Miss., William E. Brown, Stone Pigman Walther Wittmann & Hutchinson, New Orleans, La., for Dorsey.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Judge.

This matter is before the Court on the Motion of Defendant Dorsey Trailers, Inc. ("Dorsey") for Summary Judgment and the Motion of Defendant Dyro–Tech Industries, Inc. d/b/a "CorTec" ("CorTec") to Dismiss[1] on the basis of *res judicata.* Previously the Defendants had moved this Court to dismiss, transfer, or stay this proceeding because a parallel case was pending in the United States District Court for the Western District of Louisiana ("Louisiana case") involving the same parties and the same transaction as herein involved. Before this Court had an opportunity to rule on those motions, the Louisiana case was dismissed for failure to timely file within the Louisiana statute of limitations. The Defendants now argue that this action should be dismissed because of the *res judicata* effect of the Louisiana decision. There are no disputes as to any material facts; the issue is strictly a matter of law regarding the effect of the dismissal of the Louisiana case.

Steve D. Thompson Trucking, Inc. ("Thompson") filed an action against Dor-sey Trailers and CorTec in state court in Louisiana on June 30, 1986, to recover for alleged defects in 100 trailers sold to Thompson by Dorsey from May, 1981, to January, 1982. Dorsey manufactured the trailers which were constructed with CorTec fiberglass reinforced plywood panels. The action was removed to the United States District Court for the Western District of Louisiana, Monroe Division, on August 8, 1986, on the basis of diversity jurisdiction. The Defendants raised the question of Louisiana's one-year prescriptive period for the action. Thompson then filed the present action in the United States District Court for the Southern District of Mississippi, Jackson Division, on May 7, 1987, asserting substantially similar claims and stating that Mississippi law properly applied to the transaction. The Plaintiff also sought to fall within the Mississippi six-year statute of limitations.

Thompson unsuccessfully moved the court in Louisiana to stay the Louisiana case pending the outcome of this Mississippi proceeding. A motion for summary judgment was filed in the Louisiana case by Dorsey and CorTec urging that the Louisiana one-year prescriptive period barred the action in the Louisiana district court. Thompson responded by asserting that the Louisiana one-year prescriptive period in redhibition did not apply and that the Mississippi six-year statute of limitations as well as Mississippi substantive law did apply to the case. On August 20, 1987, the United States District Court in Louisiana held that the Louisiana prescriptive period applied to bar that action, and the court granted the defendants' motion for summary judgment. *See Thompson v. Dorsey,* 680 F.Supp. 803, 803–04 (W.D.La.1987). Thompson has appealed that dismissal to the United States Court of Appeals for the Fifth Circuit. That appeal is pending at this time.

The Defendants in this Mississippi action now assert that the prior Louisi-

---

[1] Defendant CorTec has presented matters outside the pleadings in support of its Motion to Dismiss, therefore the Motion will be treated as one for summary judgment. *See* Rule 12(b) of the Federal Rules of Civil Procedure.

ana decision has a *res judicata* effect on this second action. The Court notes Fifth Circuit law provides that the effect of a prior federal diversity judgment is controlled by federal *res judicata* rules rather than state law. *See Sidag Aktiengesellschaft v. Smoked Foods Products Company, Inc.*, 776 F.2d 1270, 1273 (5th Cir.1985); *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241, 243 n. 2 (5th Cir.1983). *Res judicata* bars all claims that were or could have been raised in a prior action. *Sidag*, 776 F.2d at 1273; *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir.1983) (en banc). For a prior judgment to bar an action on the basis of *res judicata*, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits, and the same cause of action must be involved in both cases. *Republic Supply Company v. Shoaf*, 815 F.2d 1046, 1051 (5th Cir.1987); *Sidag*, 776 F.2d at 1274; *Nilsen*, 701 F.2d at 559.

There is no dispute that the parties in the Louisiana case and this present case are identical: Plaintiff Steve D. Thompson Trucking, Inc. sued Defendants Dorsey Trailers, Inc. and CorTec, in its two corporate names, in both actions. The prior judgment was rendered by the District Court in the Western District of Louisiana which undisputedly had subject matter jurisdiction and personal jurisdiction of the action, thus it was a court of competent jurisdiction. The same cause of action regarding recovery for alleged defects in the trailers sold to Thompson is involved in both suits.

■ The remaining question is whether the dismissal based on the Louisiana prescriptive period was a final judgment on the merits. The Court of Appeals for the Fifth Circuit has held, "A final judgment for purposes of *res judicata* must finally dispose of some matter which under the substantive law to be applied and the procedural law of the forum can be, and has been, finally disposed of." *Republic Supply*, 815 F.2d at 1053. Although the Fifth Circuit has stated that dismissals for want of

jurisdiction are not decisions on the merits, while those based on limitations are on the merits, *see Nilsen*, 701 F.2d at 562; *see also Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir.1972), those cases involved only one forum's statute of limitations which applied to both the initial action and the subsequent action. In *Nilsen* only one limitations period was to be applied, so it was in effect "substantive." This case involves two differing statutes of limitations for two separate forums. The district court in Louisiana did not reach the issue of which state's substantive law applied to the Louisiana case; it only decided that Louisiana's procedural law applied to that proceeding. The Louisiana judgment therefore did not dispose of the substantive law to be applied, and the procedural law differs between the separate forums of Louisiana and Mississippi. For this reason the Court finds that the present action is distinguishable from *Nilsen* and *Mathis* and the dismissal based on Louisiana's limitations period was not a decision on the merits of this Mississippi action. Other cases cited by Defendants involve the effect of other federal district courts' judgments, but those decisions did not involve diversity jurisdiction nor the application of purely procedural law.

A case more closely on point regarding statutes of limitations from different forums is *Cummings v. Cowan*, 390 F.Supp. 1251 (N.D.Miss.1975). *Cummings* involved a wrongful death claim brought in Mississippi but arising from an incident in Tennessee. A Tennessee state court had held the action was barred by that state's statute of limitations, and the plaintiff subsequently brought the action in federal court in Mississippi. In *Cummings* the defendant argued that the Tennessee one-year statute of limitations for wrongful death actions controlled rather than the Mississippi six-year statute of limitations. The District Court in the Northern District of Mississippi held that the Mississippi six-year statute of limitations was the proper procedural rule to be applied since the Tennessee statute of limitations was not part of that state's substantive law and the Ten-

nessee state court judgment concerned only that state's procedure.

...Furthermore, it is untenable for the insurer to assert, as it does, that the state court's dismissal with prejudice constitutes a res judicata bar to the present action. That dismissal in no way implicated the merits of plaintiff's claims, but was grounded solely on the bar presented by the Tennessee statute of limitations. Since, as we have seen, that statute is only a procedural bar to enforcement of a statutory remedy, and not an integral part of the substantive right itself, the Tennessee state court judgment is not a merits determination.

*Cummings*, 390 F.Supp. at 1255. The Court found that the doctrine of *res judicata* did not preclude litigation in the federal court in Mississippi. *Id.*

Furthermore, the Fifth Circuit has cited with approval the Restatement of Judgments that dismissal of a case on limitations grounds in one jurisdiction is not a bar to another action in another jurisdiction.

[I]f the plaintiff brings an action to enforce a claim in one State and the defendant sets up the defense that the action is barred by the Statute of Limitations in that State, the plaintiff is precluded from thereafter maintaining an action to enforce the claim in that State. He is not, however, precluded from maintaining an action to enforce the claim in another State if it is not barred by the Statute of Limitations in that State.

*Henson v. Columbus Bank and Trust Co.*, 651 F.2d 320, 325 (5th Cir.1981) (quoting Restatement of Judgments § 49, comment "a" at 194–95 (1942)). A Louisiana district court sitting in diversity is treated as a separate jurisdiction from a Mississippi district court sitting in diversity. This Court finds that since the Louisiana prescriptive period was only a procedural bar to enforcement of the remedy in a court sitting in Louisiana and not a part of the substantive right itself, the decision of the Louisiana district court on the statute of limitations does not preclude the maintenance of this action in Mississippi for which a different limitations period applies.

The Louisiana court was presented with the argument that Mississippi substantive law, as well as the Mississippi six-year statute of limitations, applied to the action. Issue preclusion, or collateral estoppel, bars a party from relitigating issues of fact or law that were necessary to the court's judgment and actually determined in a prior action. *See Sidag*, 776 F.2d at 1275. This Court finds that the issue of which state's substantive law applied to the claim was not a necessary part of the Louisiana district court's decision, and the Louisiana court did not determine the application of Mississippi's substantive law nor its six-year statute of limitations. This Court finds that the issue of whether Plaintiff Thompson may maintain an action in a separate jurisdiction under different substantive and procedural law was not precluded by the Louisiana case.

The Court finds that the Louisiana decision has no *res judicata* effect on this action proceeding in a federal district court in Mississippi which applies its own procedural law. The Defendants' Motions for Summary Judgment and for Dismissal will be denied. The Court notes, however, that the Louisiana case is on appeal to the Fifth Circuit. Should the Fifth Circuit reverse the decision of the Louisiana district court and reinstate that action, the parties would be faced with simultaneous actions in two forums and the Plaintiff still would have his choice of where to proceed. In the interest of judicial economy, this Court finds that it should stay further proceedings in this action pending the outcome of the appeal of the Louisiana case. The Court hereby denies the Defendants' Motions but grants a stay of the proceedings.

It appears to the Court that this situation is proper for an interlocutory appeal so that in the interest of judicial economy this proceeding and the Louisiana decision may be joined and presented to the Fifth Circuit. The Court will entertain a motion under 28 U.S.C. § 1292(b) if one of the parties desires such an interlocutory appeal.