**STEVE D. THOMPSON TRUCKING, INC., Plaintiff-Appellee,**

v.

**DORSEY TRAILERS, INC. and Dyro-Tech Industries, Inc. d/b/a "Cor Tec", Defendants-Appellants.**

No. 88-4374.

United States Court of Appeals, Fifth Circuit.

April 26, 1989.

William E. Brown, Noel J. Darce, C. Lawrence Orlansky, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., Steven D. Orlansky, Jackson, Miss., for Dorsey Trailers, Inc.

Raymond J. Salassi, Jr., Covert J. Geary, Jones, Walker, Waechter, Poitevent, Carrere & Denergre, New Orleans, La., for "Cor Tec" Inc. and Dyro-Tech Industries, Inc.

Jarrell E. Godfrey, Jr., Chaffe McCall, Phillips, Tolar & Sarpy, New Orleans, La., for Steve D. Thompson Trucking, Inc.

Before BROWN, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

Defendants Dorsey Trailers, Inc. and Cor Tec, Inc. appeal the district court's denial of their motions to dismiss on the grounds of res judicata. Concluding that res judicata bars the plaintiff's cause of action in the instant case, we reverse and render.

## I. FACTS AND PROCEDURAL HISTORY

In 1981 and 1982, Plaintiff Steve D. Thompson Trucking (hereinafter Thompson) purchased a total of 100 trailers from the defendant Dorsey Trailers, Inc. (hereinafter Dorsey). The trailers were fitted with fiberglass reinforced panel walls which were manufactured by the other defendant in this case, Cor Tec, Inc. (hereinafter Cor Tec). Some time thereafter, Thompson filed a products liability suit in Louisiana state court against Dorsey and Cor Tec for damages resulting from certain alleged defects in the trailer panel walls. The suit was subsequently removed to the United States District Court for the Western District of Louisiana on diversity grounds. While that suit was pending in the Louisiana federal district court, Thompson filed a duplicative lawsuit in the United States District Court for the Southern District of Mississippi.

In the Louisiana litigation, Cor Tec and Dorsey, after removal, moved for summary judgment in the Louisiana federal district court contending that Thompson's claims had prescribed under Louisiana's one year

statute for redhibitory defects in products.[1] In response, Thompson urged that the Louisiana one year period did not apply, but rather, that Mississippi's six year period controlled. The Louisiana federal district court, disagreeing with Thompson, granted Cor Tec and Dorsey's motions for summary judgment and entered final judgment dismissing Thompson's suit with prejudice. *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 680 F.Supp. 803 (W.D. La.1987). On appeal, a panel of this Court affirmed the Louisiana federal district court's dismissal with prejudice. *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 841 F.2d 394 (5th Cir.1988) (unpublished opinion). In so doing, the panel concluded that the Louisiana federal district court had not erred in relying on Louisiana's one year prescriptive period to dismiss Thompson's product liability claims with prejudice.

Meanwhile, Thompson's duplicative lawsuit against Dorsey and Cor Tec was still pending in federal district court in Mississippi. Dorsey and Cor Tec had filed motions with the Mississippi federal district court to dismiss, transfer or stay Thompson's suit. In support of the motions, Dorsey and Cor Tec cited the pendency of the parallel action in Louisiana federal district court. Before the Mississippi federal district court had ruled on the described motions, however, the Louisiana federal district court dismissed Thompson's claims with prejudice. After the Louisiana federal district court entered final judgment accordingly, Dorsey and Cor Tec amended their pending motions to dismiss in Mississippi federal district court so as to incorporate the defense of res judicata. In their amended motions, Dorsey and Cor Tec argued that the dismissal of Thompson's action by the Louisiana federal district court was res judicata as to Thompson's duplicative action in Mississippi federal district court. The Mississippi federal district court disagreed, and denied Dorsey and Cor Tec's motions to dismiss. *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 677 F.Supp. 478 (S.D.Miss.1988).

1. La.C.C. arts. 2534, 2546.

Thereafter, the Mississippi federal district court certified its ruling under 28 U.S.C. 1292(b) and this interlocutory appeal was taken.

## II. DISCUSSION

The sole issue with which we are faced in this appeal is whether the dismissal with prejudice of Thompson's diversity action by the Louisiana federal district court has res judicata effect on Thompson's duplicative diversity action in Mississippi federal district court. For the reasons cited herein, we are constrained to conclude that it does.

This Court has emphasized that the effect of a prior federal diversity judgment is controlled by federal rather than state res judicata rules. *Sidag Aktiengesellschaft v. Smoked Foods Products Co., Inc.*, 776 F.2d 1270, 1273 (5th Cir.1985). In that respect, the res judicata rules in this Circuit are clear; for a prior judgment to bar a subsequent action on the basis of res judicata in federal court, four requirements must be met: 1) the parties must be identical in both actions, 2) the prior judgment must have been rendered by a court of competent jurisdiction, 3) the same cause of action must be involved in both cases, and 4) the prior judgment must have been a final judgment on the merits. *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1051 (5th Cir.1987) (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir.1983) (en banc)). As the Mississippi federal district court properly noted, the first three requirements are not at issue in this case. The last requirement, however, is at the heart of the issue posed by the instant case. More specifically, the question with which we are now faced is whether the Louisiana federal district court's dismissal of Thompson's action on prescriptive grounds was a final judgment on the merits for res judicata purposes.

We are convinced that the answer to this question is found in this Court's holding in *Nilsen v. City of Moss Point*, 674 F.2d 379 (5th Cir.1982), *aff'd on rehearing*, 701 F.2d 556 (1983) (en banc). In *Nilsen*, we held that "dismissals for want of jurisdiction are

not decisions on the merits, while those based on limitations are." *Id.* at 382. On rehearing en banc, the Court emphasized that

> [t]he doctrine of *res judicata* contemplates, at a minimum, that courts be not required to adjudicate, nor defendants to address, successive actions arising out of the same transaction, asserting breach of the same duty.

*Nilsen,* 701 F.2d 556 at 563. Although the facts in the *Nilsen* case are somewhat distinguishable from the facts in the instant case in that *Nilsen* involved the attempted relitigation of the plaintiff's civil rights action in the same federal district court which had previously found the claim to be time barred, we nevertheless find the reasoning articulated in *Nilsen* to be persuasive and controlling. Moreover, the *Nilsen* rule is neither expressly or impliedly limited to the attempted relitigation of a claim in the same federal district court which had previously held the claim to be time barred. Rather, in *Nilsen,* this Court enunciated an unequivocal standard with respect to the res judicata effect which shall be given to a judgment dismissing a cause of action on limitations grounds.[2]

Similarly, in *Mathis v. Laird,* 457 F.2d 926 (5th Cir.1972), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122, a panel of this Court held that "[a] ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes." *Id.* at 927. The facts of the *Mathis* case involved a soldier who brought suit claiming that he had been unjustly given an undesirable discharge from the army. The United States Court of Claims dismissed Mathis' claim holding that it was time barred. Thereafter, Mathis refiled the same action in the United States District Court. The federal district court dismissed Mathis' claims citing both the statute of limitations as well as the res judicata effect of the previous dismissal. This Court, on appeal, held that "[t]he district court was correct in holding the action barred by the doctrine of *res judicata.*" *Id.* (italics in the original).

There are presuasive and compelling policy arguments which support the holdings of the *Mathis* and *Nilsen* cases. Multiple litigation is costly, both in terms of the expense incurred by a party who must defend against the same claim in different courts as well as the expense resulting from the inefficient use of the federal judicial machinery. Allowing plaintiffs who fail to comply with applicable statutes of limitations to move to the next state over would have the undesirable effect of encouraging forum shopping and rewarding dilatory conduct.

In that regard, if res judicata were unavailable in the instant case, the defendants, having once engaged counsel in Louisiana, would be faced with the prospect of again hiring counsel in Mississippi to defend against the same action one more time. Additionally, the prospect of compelling the already overburdened district courts of the United States to hear the same claims over and over again in different states is, in our view, unappealing. If Thompson had elected to do so, he could have filed suit in Mississippi to begin with and thereby availed himself of that state's longer period of prescription. Thompson chose, however, to file first in Louisiana and accordingly he was responsible for compliance with that state's prescriptive period. As we stated in *Mathis,* this "[p]laintiff has already had not one but two days in court." *Mathis,* 457 F.2d 926, 927.

## III. CONCLUSION

Having determined that the dismissal with prejudice by the Louisiana federal district court of Thompson's claims because they had prescribed was a final judgment on the merits, we conclude Thompson's subsequent action filed in Mississippi federal district court is barred under the doctrine of res judicata. The district court's denial of Dorsey and Cor Tec's motions for dismissal is REVERSED; Thompson's action is DISMISSED with prejudice.

---

**2.** We note that other Circuits are in agreement with this result. *See e.g., PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894 (2d Cir.1983); *Myers v.* *Bull,* 599 F.2d 863 (8th Cir.1979); *Cemer v. Marathon Oil Co.,* 583 F.2d 830 (6th Cir.1978); *see also* Fed.R.Civ.P. 41(b).

JOHN R. BROWN, Circuit Judge, concurring.

I concur but think needed precision in applying our en banc opinion in *Nilsen* warrants special emphasis.

First, *Nilsen* is not only binding, it is sound and, as the Court points out, it is applicable whether the first and second Federal Courts are one and the same, different, both in the same state, or in different states.

Statutes of limitations do not operate abstractly. Rather each pertains to a particular cause of action. Thus a 6–year statute of limitations for a written contract would not be applicable to a suit for personal injuries with a 2–year statute of limitations.

Here the Louisiana suit was in redhibition[1] to which a 1–year prescriptive period applies. Strictly speaking what, and all, the Louisiana Federal Court determined was the plaintiff's redhibitory action was prescribed since that was the only Louisiana claim which was asserted. At that stage, no rights under Mississippi law were presented. The Louisiana Federal Court did not, nor could it then, determine that any Mississippi claim (cause of action) did or could exist. Also at that stage, the Mississippi Federal Court would had to have given *res judicata* effect only to the Louisiana Federal Court decision that the Louisiana claim for redhibition was time barred. Hence, the Mississippi Federal Court was correct in saying that the Louisiana Federal Court's decision that the Louisiana *redhibitory* action was prescribed did not compel a finding of *res judicata* by the Mississippi Federal Court.

But this was all changed by the plaintiff's misguided decision to try to persuade the Louisiana Federal Court that Mississippi, not Louisiana, law applied. The Louisiana Federal Court held that Louisiana, not Mississippi, law applied. This Court of Appeals affirmed that decision. *Steve Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 841 F.2d 394 (5th Cir.1988) (unpublished opinion).

This was the classic case[2] of the first Court determining an issue that was squarely and necessarily presented, namely that the Louisiana law of redhibition applied and not the law of Mississippi. "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or different claim." Restatement (Second) of Judgments § 27 (1982). That became binding on the Mississippi Federal Court which could no longer determine that it really was a Mississippi cause of action with a 6–year statute of limitations.

The Court gets to the right result by the wrong route. The doctrine of *res judicata* rests on precision. Our rationale should be equally precise.

---

**1.** La.C.C. arts. 2534, 2546.

**2.** *See, e.g.,* Restatement (Second) of Judgments § 27 comment c, illustration 6.