# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2019

Lyle W. Cayce
Clerk

No. 18-31049
Summary Calendar

MARK JAVERY; BRIAN DEJAN,

Plaintiffs–Appellants

v.

LOCKHEED MARTIN CORPORATION,

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-5106

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Mark Javery and Brian Dejan appeal the district court's dismissal of their retaliation claims under the Federal False Claims Act ("FCA"), 31 U.S.C. § 3730(h) on *res judicata* grounds. Appellants claim the district court applied the wrong test in assessing whether their retaliation claims fall under the "same claim or cause of action" as required by our *res judicata* doctrine. *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045 (5th Cir. 1989). The district court applied the transactional test, asking whether

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31049

the Appellants' retaliation claims arose out of the "same nucleus of operative facts" as the Appellants' previous actions. It found that the facts underpinning the Appellants' FCA claims were identical to the nucleus of operative facts supporting their previous claims for employment discrimination. *See Javery v. Lockheed Martin Corp.*, No. 14-2644, 2016 WL 1642926 (E.D. La. Apr. 26, 2016); *DeJan v. Lockheed Martin Corp.*, No. 14-2731, 2016 WL 1161284 (E.D. La. Mar. 23, 2016).

Appellants now argue that this circuit does not use the transactional test, urging us to instead ask "whether the primary right and duty or wrong are the same in each action." But Appellants base their argument on a misreading of *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556 (5th Cir. 1983) (en banc). Contrary to their assertions, this circuit uses the transactional test and has for over three decades. *Nilsen* actually established our formal adoption of the transactional test. *See Nilsen*, 701 F.2d at 559–60 n.4 ("[T]he transactional test . . . represents the modern view and . . . we prefer [it] to our earlier writings."); *see also United Home Rentals, Inc. v. Texas Real Estate Comm'n*, 716 F.2d 324, 328 (5th Cir. 1983) ("This Circuit has definitively established as the standard to be applied in determining whether the substance of the two action is the same for res judicata purposes the transactional test of a 'claim' enunciated in the Second Restatement of Judgments.") (citing *Nilsen*, 701 F.2d at 559–60 n.4); *Houston Prof'l Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) ("We apply a transactional test to determine 'whether two suits involve the same claim or cause of action.' The transactional test focuses on whether the two cases 'are based on the same nucleus of operative facts.'") (cleaned up).

The district court did not err in either its decision to apply the transactional test or in its application of that test. The facts that support the Appellants' FSA claims here all arose prior to the filing of their previous

actions, and the nucleus of operative facts supporting their complaint here and the prior complaints is identical.

Therefore, we AFFIRM the district court's grant of summary judgment.